OPINION
Appellants, Joseph and Patricia Smith, own property along Coonpath Road in Bloom Township, Fairfield County, Ohio. Appellees, Robert and Rita Stebelton and Harold and Alice Stebelton, also own property along Coonpath Road. The Bloom Township Zoning Department issued a building permit to appellees to develop their property. Appellants filed an application with the Bloom Township Board of Zoning Appeals to have the building permit rescinded, claiming the eastern terminus of Coonpath Road was vacated in 1952. On April 5, 1997, the Board of Zoning Appeals denied said application. On April 7, 1997, appellants filed a notice of appeal with the Court of Common Pleas of Fairfield County, Ohio (Case No. 97CV224). Appellants also filed a complaint for injunctive relief on July 24, 1997 (Case No. 97CV386). The cases were consolidated on June 23, 1998. Appellees filed a motion for summary judgment on November 13, 1998 and memorandums in support on December 7 and 8, 1998. On December 11, 1998, appellants filed a memorandum contra and their own motion for summary judgment. By memorandum of decision nunc pro tunc filed March 4, 1999 and judgment entries filed April 6, 1999, the trial court granted summary judgment to appellees and affirmed the decision of the Board of Zoning Appeals. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DETERMINED THAT THE EASTERN TERMINUS OF COONPATH ROAD HAD NOT BEEN PROPERLY VACATED BY THE BOARD OF THE FAIRFIELD COUNTY COMMISSIONERS IN 1952.
 II THE DECISIONS OF THE TRIAL COURT AND THE BLOOM TOWNSHIP BOARD OF ZONING APPEALS VIOLATE THE TAKINGS CLAUSES OF BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
 I
Appellants claim the trial court erred in determining the actions of the Fairfield County Board of Commissioners (hereinafter "Board") in 1952 did not vacate a portion of Coonpath Road. We disagree. Essentially, the facts are not in dispute. The actions of the commissioners in 1952 concerning the issue sub judice are contained in the Board's journal dated April 28 and 29, 1952 and June 9 and 10, 1952. By memorandum of decision nunc pro tunc filed March 4, 1999, the trial court found the Board's "records are devoid of any roll called that would memorialize the votes of the commissioners as well as being devoid of any motion to vacate the property." The trial court found the provisions of R.C. Chapter 5553 and R.C. 305.10 were not complied with. Appellants argue in their brief at 10-11 the Board's records indicate the statutory requirements were substantially complied with and substantial compliance is all that is needed. Currently, R.C. 5553.04 governs the procedure for vacating roads. Said section is substantially similar to the code as it was in 1952. See, G.C. 6862 (H.B. No. 67, 112 Ohio Laws 430, 484). To vacate a county road, a petition "signed by a least twelve freeholders of the county residing in the vicinity of the proposed improvement" must be presented to the Board. The Board must "fix a date when it will [they shall] view the proposed improvement, and also a date for a final hearing thereon [thereof]." R.C. 5553.05 [G.C. 6863 (H.B. No. 67, 112 Ohio Laws 430, 484)]. The Board shall give "notice of the time and place for both such review [view] and hearing [to be given] by publication * * *." R.C. 5553.05 [G.C. 6864 (H.B. No. 67, 112 Ohio Laws 430, 485)]. If the Board determines the improvement "will serve the public convenience and welfare, it [they] shall by resolution enter such finding on its [their] journal." R.C.5553.07 [G.C. 6866 (H.B. No. 67, 112 Ohio Laws 430, 485)]. The Board's journal reflects that on April 28 and 29, 1952, the following action occurred: WHEREAS, a petition, signed by Harry Lutz and C. O. Thompson, for the vacating of a part of a public road as hereinafter described was received and filed at the County Commissioners Office, this date * * * RESOLVED, that we are of the opinion that it will be for the public convenience and welfare to vacate said portion of said road, and we hereby fix the 20th, day of May for the Viewing and we hereby fix the 9th, day of June at 10 o'clock (sic) A.M. for the hearing, at the Office of the County Commissioners as the date and place for a final hearing of the proposed improvement.
Mr. Fasnaugh seconded the Resolution and the roll call being called upon its adoption, the vote resulted as follows:
VOTING AYE THEREON MR. BRANDT MR. SMITH MR. FASNAUGH
In the Board's June 9 and 10, 1952 journal, the following was noted:
HEARING ON HARRY LUTZ ROAD PETITION
June 9th, at 10 O'clock A.M. being the day and time set for the hearing on the Harry Lutz road Petition, the Board agreed to grant the petition, and Vacate the road, No protest was filed, and Mr. C.O. Thompson a land owner, was here at the hearing.
No record of a vote was memorialized but the three commissioners did sign the journal. Appellants argue the petition was accepted by the vote journalized on April 28 and 29, 1952. We find said vote was not a vote on the final decision because by law the final decision could have been made only after notice, viewing and final hearing. The gravamen of this appeal is whether the June 9 and 10, 1952 journalization absent a roll call vote was sufficient to accept the petition and vacate the road. Appellees argue there is no action by the Board until there is a roll call vote. Appellants argue the Board's journal reflects substantial compliance with the statutes. No county road can be vacated without the action of the board of county commissioners. Action by the board is substantiated by the journal reflecting the board's vote and resolution. In the case sub judice, there was no roll call vote and no resolution in the Board's journal memorializing the final decision. We find that if a subsequent resolution had been passed to memorialize the decision, the absence of a roll call vote would not have invalidated the resolution. However, with the absence of a roll call vote and a resolution, we conclude no action was taken by the Board on the petition to vacate. The trial court did not err in affirming the decision of the Board of Zoning Appeals. Assignment of Error I is denied.
 II
Appellants argue the trial court's decision violates the takings clause of the United States and Ohio Constitutions. We disagree. The "takings clause" of the Ohio Constitution is found in Section 19, Article I, and states as follows:
Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.
Appellants argue the action of their predecessors in title after the 1952 hearing in erecting a fence to establish the property line extended their property. Not only was a fence erected but a driveway was established over the alleged vacated portion of Coonpath Road. Appellants argue the action of the trial court in determining there was no vacation of a portion of Coonpath Road and the action of the Board of Zoning Appeals in denying appellants' application to rescind the building permit are tantamount to a public taking of property without compensation and an inverse condemnation. As pointed out by appellees, appellants took possession of their property with a restriction that the fee was "[s]ubject, however, to all conditions, covenants, reservations, restrictions and easements of record" and "[s]ubject to all legal right-of-ways of record." See, General Warranty Deed attached to Reply Brief of Appellees Robert and Rita Stebelton as Exhibit 8. The Board's failure to even substantially comply with the law in 1952 divested appellants of any property rights in the subject area. Appellant's property was never "seized" as they were never in possession of the area that was not properly vacated. There can be no "taking" of property that was not theirs. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Hoffman, J. concur.